# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>Vestel Angela Whittle<br><br><br><br><br>Debtor(s). | C/A No. 18-03282-hb<br>Chapter 13<br><br>**SETTLEMENT ORDER<br>ON<br>MOTION FOR RELIEF FROM<br>AUTOMATIC STAY** |

This matter comes before the Court on the motion for relief from the automatic stay filed by Nationstar Mortgage LLC d/b/a Mr. Cooper ("Movant"). The chapter 13 trustee did not object to the motion or has agreed to the settlement. The property serving as collateral which is the subject of the motion is described as follows:

2874 Pine Log Road, Warrenville, Aiken County, South Carolina 29851

Upon Movant's certification of the agreement of the parties, it is hereby ORDERED:

As of February 27, 2019, Debtor has accrued a post petition arrearage in the amount of $4,622.52. The post petition arrearage consists of:
- Payments for the month(s) of November 2018 - February 2019 in the amount of $897.88 per month.
- Attorney's fees and costs in the amount of $1,031.00.

Debtor shall continue to remit to Movant the regular post petition monthly payments beginning March 1, 2019, and continuing thereafter in accordance with the terms of the loan agreement and the chapter 13 plan.

In addition to the regular post petition monthly payment set forth above, Debtor shall cure the post petition arrearage of $4,622.52 as follows:
- Pay $335.03 per month beginning March 1, 2019 for 11 months.
- Pay final payment of $335.07 by February 1, 2020.
- Movant will credit the suspense balance in the amount of $602.12.

Failure to make a payment within 20 days from its due date shall be considered a default under the terms of this settlement order.

Payments shall be paid directly to Movant at:

Nationstar Mortgage LLC
PO Box 619094
Dallas, TX 75261-9741

In the event of a default under the terms of this Order, relief from stay may be provided without further hearing upon the filing of an affidavit of default by Movant and the entry of the proposed order by the Court. Movant may then proceed with its state court remedies against the collateral, including sending any required notice to Debtor(s). This *ex parte* provision shall expire and no longer be effective 24 months from the entry of this order.

Movant has waived any claim arising under 11 U.S.C. § 503(b) or § 507(b) and, in the event relief from the automatic stay is granted due to Debtor(s)' default under the terms of this Settlement Order, agreed that any funds realized from the disposition of its collateral in excess of all liens, costs, and expenses will be paid to the trustee or bankruptcy estate.

The parties agree that the Fed. R. Bankr. P. 4001(a)(3) stay is applicable to any order granting relief for default on this Settlement Order.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**03/01/2019**



US Bankruptcy Judge
District of South Carolina

Entered: 03/04/2019